IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNIE O'NEAL
BROWNRIDGE, JR.                                                        PETITIONER

VS.                                              CIVIL ACTION NO.  3:17cv143-DPJ-FKB

BILLY SOLLIE                                                           RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Donnie

O'Neal Brownridge.  At the time he filed his petition, Brownridge was a pretrial detainee held at

the Lauderdale County Detention Facility on a charge of aggravated assault. [6-3].  In the

petition, signed on January 9, 2017, Brownridge alleges that he has been held for 305 days

without an indictment.  [1] at 2. He argues that his case should be thrown out due to a lack of

evidence, a failure to appoint an attorney at the time of arrest, a failure to indict him, and false

imprisonment.  *Id.* at 6-8.  In his petition and subsequent filings, he also asserts that his right to a

speedy trial has been violated. [1]; [9]; [10].

Presently before the Court are Respondent's motion to dismiss [6] and supplemental

filings. [8]; [11]; [12]; [13].  The State's supplemental filings demonstrate that, since Brownridge

filed his petition, he has been indicted on one count of aggravated assault and three counts of

shooting into an occupied dwelling.  [8-1].  According to the State, Brownridge's case was

originally set for trial on September 7, 2017, but was reset by agreement to November 14, 2017.

[11]; [12].  In a recent filing, [13], the State informed the Court that on November 15, 2017,

Brownridge entered a plea of guilty to the charge of aggravated assault.  [13-1].  The Circuit

Court of Lauderdale County sentenced Brownridge to a term of fifteen (15) years in the custody

of the Mississippi Department of Corrections, with thirteen (13) years suspended, and five (5)

years of reporting probation. *Id.* The trial court also gave Brownridge credit for 606 total days

served on the charge, from March 20, 2015, to November 15, 2017. *Id.* In an Order of *Nolle*

*Prosequi* entered the same day, the trial court dismissed Brownridge's three remaining counts of

shooting into an occupied dwelling without prejudice. [13-2].

Although a state court prisoner may raise a speedy trial claim under § 2241 in an effort to

force the state to bring him to trial, *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden*

*v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)), a speedy trial violation is a non-

jurisdictional defect waived by a guilty plea. *United States v. Broussard*, 645 F.2d 504, 505 (5th

Cir. 1981)("The entry of a knowing and voluntary guilty plea waives all non-jurisdictional

defects in the proceeding. This disposes of the speedy trial claim."). The Supreme Court has

held that the case-or-controversy requirement of Article III, "limits the business of federal courts

to 'questions presented in an adversary context and in a form historically viewed as capable of

resolution through the judicial process.'" *United States Parole Comm'n v. Geraghty,* 445 U.S.

388, 396 (1980) (quoting *Flast v. Cohen,* 392 U.S. 83, 95 (1968)). A case becomes moot "'when

the issues presented are no longer live or the parties lack a legally cognizable interest in the

outcome.'" *Id.* (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

The State's most recent filing demonstrates that this petition should be dismissed based

on the doctrine of mootness: Brownridge has entered a plea of guilty to the charge of aggravated

assault, and the trial court dismissed his remaining charges without prejudice. [13-1]. The Order

accepting the guilty plea specifically states that Brownridge has "understandingly, knowingly,

willingly, and voluntarily" waived all of his Constitutional rights as stated in his Petition to Enter

Plea of Guilty and related to the charge of aggravated assault. *Id.*

For these reasons, the undersigned recommends that Respondent's motion be granted and

the petition dismissed based on the doctrine of mootness. The parties are hereby notified that

failure to file written objections to the proposed findings, conclusions, and recommendation

contained within this report and recommendation within fourteen (14) days after being served

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636;

Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

Respectfully submitted, this the 13th day of January, 2018.

s/ F. Keith Ball                                      .
UNITED STATES MAGISTRATE JUDGE

3